# Morgan Lewis

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/11/19

Andrew M. Buttaro
Associate
+1.617.341.7743
andrew.buttaro@morganlewis.com

December 9, 2019

**MEMORANDUM ENDORSED**

Hon. Gregory H. Woods
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *DSB Holdings, LLC v. Pioneer Investment Management, Inc.*, No. 1:19-cv-10972-GHW

Dear Judge Woods:

We represent Defendant Amundi Pioneer Asset Management, Inc., f/k/a Pioneer Investment Management, Inc. ("Amundi Pioneer"), in the referenced action. Pursuant to Rule 2(C) of the Court's Individual Rules of Practice, we respectfully request permission to file a motion to dismiss the complaint filed by DSB Holdings, LLC ("DSB") (ECF 1-1) (the "Complaint") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We also request that the Court schedule a pre-motion conference if it deems one necessary. If the Court determines that a conference is necessary, counsel for Amundi Pioneer requests permission to participate telephonically.

Amundi Pioneer removed this action on November 27, 2019. On December 3, 2019, and before the case was assigned, it filed a Motion to Dismiss (ECF 5) (the "Motion"). *See* Fed. R. Civ. P. 81(c). The next day, this case was assigned to this Court. Now that the case has been assigned, Amundi Pioneer submits this letter as required under Rule 2(C). Amundi Pioneer has conferred with opposing counsel, who opposes the Motion.

The Motion argues that the Complaint, which asserts a breach-of-contract claim against Amundi Pioneer, should be dismissed on two grounds.

First, New York law controls the contract question, and provides a six-year statute of limitations for contract actions. *Town of Oyster Bay v. Lizza Indus., Inc.*, 4 N.E.3d 944, 947 (N.Y. 2013) (citing CPLR 203[a]; 213[2]). Because the contract claim is based on conduct from more than six years before the Complaint was filed, it is barred by limitations.

Second, the Complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). DSB's claims are speculative and conclusory. At bottom, DSB alleges that one of Amundi Pioneer's former portfolio managers had secret meetings with Galvstar's landlord and business partners, during which he provided confidential information as part of a plot to drive Galvstar out of business. DSB is vague and conclusory about what confidential information the manager supposedly divulged. Further, the Complaint asks the Court to draw implausible inferences from the facts, including that: (1) Amundi Pioneer tried to destroy its own investment; (2) Amundi Pioneer's normal investment-monitoring actions, as a

Morgan, Lewis & Bockius LLP

One Federal Street
Boston, MA 02110-1726            ☏ +1.617.341.7700
United States                    🖷 +1.617.341.7701

bondholder, suggest an illicit plot; (3) this supposed plot, and not DSB's own business troubles, caused DSB's financial issues; and (4) a landlord removing equipment from a non-paying tenant suggests collaboration to drive DSB out of business.

Amundi Pioneer respectfully requests that the Court consider the pending Motion, which was submitted just before assignment. Alternatively, if the Court would prefer that Amundi Pioneer refile its motion to dismiss, Amundi Pioneer respectfully requests that it be permitted to do so.

Thank you for your consideration of this matter.

Sincerely,

/s/ Andrew M. Buttaro

Andrew M. Buttaro

AMB

cc by ECF:   Matthew Sheppe
             Reiss Sheppe LLP
             425 Madison Avenue, 19th Floor
             New York, New York  10017
             msheppe@reisssheppe.com

Application granted in part.  The motion to dismiss pending at Dkt. No. 5 is denied without prejudice.  The Court will hold a teleconference regarding Defendant's proposed motion to dismiss on December 20, 2019 at 10:00 a.m.  The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 5 and 9.

SO ORDERED.

Dated: December 11, 2019
New York, New York

       _____
       GREGORY H. WOODS
       United States District Judge